**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| OAK AND FORT CORP., *et al.*,[1] | Case No. 25-11282 (MG) |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |

**ORDER GRANTING PROVISIONAL RELIEF PURSUANT
TO SECTION 1519 OF THE BANKRUPTCY CODE**

Upon the motion for certain provisional and injunctive relief (the "Motion")[2] filed by KSV

Restructuring, Inc. as the foreign representative (the "Foreign Representative") of the above-

captioned debtors (collectively, the "Debtors") seeking entry of an order granting provisional relief

pursuant to sections 105(a), 362, 365(e), 1517, 1519, 1521, and 1522 of the Bankruptcy Code to

protect the Debtors and their property within the territorial jurisdiction of the United States pending

recognition of the Debtors' proceedings currently pending in Canada pursuant to the CCAA (the

"Canadian Proceedings"); and upon this Court's review and consideration of the Motion, the

Verified Petition, and the Kang Declaration; and this Court having jurisdiction to consider the

Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C.

§§ 109 and 1501, and the *Amended Standing Order of Reference to Bankruptcy Judges of the*

*District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

---

[1]    The Debtors in these chapter 15 cases, along with the last four digits of each Debtor's U.S. Federal Employer Identification Number ("FEIN") or Canada Revenue Agency Business Number ("BN"), are: Oak and Fort Corp. (BN 0003); 1282339 B.C. Ltd. (BN 0001); Oak and Fort US Group, Inc. (FEIN 1236); Oak and Fort Enterprise (U.S.), Inc. (FEIN 0468), NYM Merger Holdings LLC (FEIN 6949), and Oak and Fort California, LLC (FEIN 6937). The Debtors' headquarters are located at 100-7 East 6th Ave, Vancouver, British Columbia, Canada.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

28 U.S.C. § 157(b)(2)(P); and venue being proper before this Court pursuant to 28 U.S.C. § 1410(1) and (3); and appropriate, sufficient and timely notice of the Motion and the hearing thereon having been given; and upon the record established at such hearing, it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors; and it appearing that the relief requested in the Motion is necessary and beneficial to the Debtors; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.

B.      The Foreign Representative has demonstrated a substantial likelihood of success on the merits that (a) the Canadian Proceedings are "foreign main proceedings" as that term is defined in section 1502(4) of the Bankruptcy Code or, alternatively, with respect to certain Debtors, the Canadian Proceedings are "foreign nonmain proceedings" as defined in section 1502(5) of the Bankruptcy Code, (b) the Foreign Representative is a "foreign representative" as that term is defined in section 101(24) of the Bankruptcy Code, (c) all statutory elements for recognition of the Canadian Proceedings are satisfied in accordance with section 1517 of the Bankruptcy Code, and (d) application of section 365(e) of the Bankruptcy Code on an interim basis to prevent contract counterparties from terminating their prepetition contracts with the Debtors is entirely consistent with the injunctive relief afforded by the automatic stay under section 362 of the Bankruptcy Code.

C.      The Foreign Representative has demonstrated that commencement or continuation of any action or proceeding in the United States against the Debtors should be enjoined pursuant to sections 105(a), 1519, 1521 and 1522 of the Bankruptcy Code, which protections, in each case, shall be coextensive with the provisions of section 362 of the Bankruptcy Code, to permit the expeditious and economical administration of the Canadian Proceedings, and such relief will either (a) not cause an undue hardship to other parties in interest or (b) any hardship to parties is outweighed by the benefits of the relief requested.

D.      The Foreign Representative has demonstrated that without the protection of sections 362 and 365(e) of the Bankruptcy Code, there is a material risk that the Debtors' creditors or other parties-in-interest in the United States may attempt to exercise certain remedies, including terminating contracts, with respect to the Debtors that will severely impair the Debtors' restructuring efforts and result in irreparable damage to the Debtors' business and the value of Debtors' assets, and substantial harm to Debtors' creditors and other parties-in-interest.

E.      Such acts could (a) interfere with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, (b) interfere with and cause harm to the Debtors' efforts to administer the Canadian Proceedings, (c) interfere with the Debtors' operations, and (d) undermine the Debtors' efforts to achieve an equitable result for the benefit of all of the Debtors' creditors. Accordingly, there is a material risk that the Debtors may suffer immediate and irreparable injury, and it is therefore necessary that the Court enter this Order.

F.      The Foreign Representative has further demonstrated that recognition of the Initial CCAA Order, on a provisional basis, is warranted based on the record before this Court, including the Initial CCAA Order and the findings of the Canadian Court.

G.      The Foreign Representative has demonstrated that no injury will result to any party that is greater than the harm to Debtors' business, assets, and property in the absence of the relief requested in the Motion.

H.      The Debtors' creditors will not suffer any significant harm by the provisional relief requested herein, as the relief will ensure the value of the Debtors' assets are preserved, protected and maximized for the benefit of all creditors.

I.      The Foreign Representative has demonstrated that, in the interest of comity, the purpose of chapter 15 is carried out by granting recognition and giving effect to the Initial CCAA Order.

J.      The interest of the public will be served by this Court's entry of this Order.

K.      The Foreign Representative and the Debtors are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The relief set forth and provided in this Order shall be effective as of the date of this Order and continue through and including a ruling by the Court on the petition for recognition of the Canadian Proceedings as "foreign main" or "foreign nonmain" proceedings as defined in section 1502(4) of the Bankruptcy Code and the Foreign Representative as a "foreign representative" as defined in section 101(24) of the Bankruptcy Code (unless otherwise extended pursuant to section 1519(b) of the Bankruptcy Code).

3.      The Initial CCAA Order is hereby given full force and effect on a provisional basis.

4.      While this Order is in effect, the Foreign Representative and Debtors are entitled to the full protections and rights pursuant to section 1519(a)(1), which protections shall be

4

coextensive with the provisions of section 362 of the Bankruptcy Code, and this Order shall operate as a stay of any execution against Debtors' assets within the territorial jurisdiction of the United States.

5.    While this Order is in effect, pursuant to sections 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code, sections 362 and 365(e) of the Bankruptcy Code are hereby made applicable in these chapter 15 cases to the Debtors and their property within the territorial jurisdiction of the United States.

6.    Notwithstanding anything to the contrary contained herein, this Order shall not be construed as (a) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed pursuant to section 362 of the Bankruptcy Code, or (b) staying the exercise of any rights that section 362(o) of the Bankruptcy Code does not allow to be stayed.

7.    The Foreign Representative, the Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

8.    Notwithstanding any provision in the Bankruptcy Rules to the contrary, including, but not limited to, Bankruptcy Rules 7062 and 1018, (i) this Order shall be effective immediately and enforceable upon its entry; (ii) the Foreign Representative and the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (iii) the Foreign Representative and the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

9.    To the extent applicable, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure, made applicable pursuant to Bankruptcy Rule 7065, are hereby waived.

10.     This Court shall retain exclusive jurisdiction to hear and determine all matters

arising from or related to the implementation, interpretation and/or enforcement of this Order.

**IT IS SO ORDERED.**

Dated: June 23, 2025
           New York, New York


                                                    /s/Martin Glenn
                                                    MARTIN GLENN
                                         Chief United States Bankruptcy Judge